IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANDRA ALEMAN DE JESUS,

Plaintiff

v.

UNITED STATES OF AMERICA,

Defendant

CIVIL NO. 98-2453 (SEC)
Cr. No. 97-048 (SEC)

## REPORT AND RECOMMENDATION

At the conference held on May 9, 2001, both parties agreed that if an evidentiary hearing would be held, there was sufficient evidence for this magistrate to submit a report to the court that petitioner would be entitled to some form of relief pursuant to her motion under 28 U.S.C. §2255.[1] In particular, the parties and this magistrate addressed the grounds of the petition that she was not allowed to benefit from the direct appeal to her conviction and sentence.[2] As a result, the parties agreed thereafter to enter into a stipulation whereby the most feasible avenue to proceed would be for the court to re-sentence the defendant in Criminal Case No. 97-048 (SEC), where she will be represented by now court-appointed counsel Gabriel Hernández. As such, this magistrate considered there is no further need for an evidentiary hearing of petitioner's motion at this juncture. Defendant would still be able to

---

[1] Where petitioner would be entitled to relief if her factual allegations are proven true, she is entitled to an evidentiary hearing on those allegations. Mark v. Smith, 659 F.2d 23 (5th Cir. 1981).

[2] A defendant could be granted relief for losing the right to appeal, in appropriate cases, through a §2255 motion. United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991).

-2-

raise any mitigation grounds during the sentence, and could thereafter file the direct appeal to the conviction and sentence imposed by the court.[3]

It is recommended, that petitioner be **re-sentenced.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico,  May 18, 2001.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE

s/c: *Aleman*
*Hernandez*
*Velez* 5/21/01

---

[3] There is no need to first show that there is a meritorious appellate issue to grant relief since an appeal from a district court judgment of conviction is a matter of right. Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969) (quoting Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 919 (1962)).

AO 72
(Rev 8/82)